WALDO HUTCHINS and another, Plaintiffs, *v.* SARAH M. G. MERRILL and another, Executrixes, etc.

*Will — Residuary legatees — no interest in the estate until prior legatees are paid.*

The defendants' testator devised all his estate, both real and personal, to trustees, to apply certain portions of the rents, issues and profits thereof to the use of persons, named in his will, during the life of his wife; and directed that, upon her death, the residue of the estate should, after the payment of certain specific legacies, be divided between the plaintiffs' assignors. A portion of the rents being undisposed of by the will, the plaintiffs applied to have the accumulation paid over to them. *Held*, that they were not entitled to receive it; that it did not appear that upon the division of the estate and the payment of the specific legacies, there would be any residue to which the plaintiffs would be entitled.

A controversy submitted without action, pursuant to section 372 of the Code of Procedure, to obtain a judicial construction of portions of the last will of Eli Merrill, deceased.

The testator died, in 1855, seized of certain real estate, situated in New York and Brooklyn. By his will, he devised all his estate, both real and personal, to trustees, to apply the rents, profits and income thereof to certain purposes, therein specified, during the life of his wife, and directed that upon her death, all his estate, not therein otherwise disposed of, be sold, or be divided among certain persons, in the proportions thereinafter specified, as a majority of his executors and pecuniary legatees might then agree or determine; and after the payment of these legacies, he devised the residue of his estate to his brothers, and certain nephews and nieces named in the will. A portion of the rents of the real estate being undisposed of by the will, the plaintiffs, who were the assignees of

the residuary legatees, claimed to be entitled to the accumulation in the hands of the defendants, and·brought this action to recover it.

*Waldo Hutchins,* for the plaintiffs.

*Edgar M. Cullen,* for the respondents.

TAPPEN, J.:

This is a controversy submitted without action, for the determination of certain questions arising from the provisions of the will of Eli Merrill, deceased.

There is in the hands of the executrixes, an accumulation of surplus rents of realty, which accumulation the will does not in terms dispose of. It is now claimed on behalf of the plaintiffs, that these rents follow the disposition, made by the will, of the residuary estate, and that this residuary estate goes, on the death of the widow, to certain persons named in the will, and that they are entitled to immediate distribution of such rents. The widow is still living. After her death, the will provides that the estate shall be sold, or divided in the· proportions hereinafter specified, as a majority of the executors and pecuniary legatees may then agree and· determine; and such division of the estate or distribution of the proceeds to be made as follows:

$10,000, or the value thereof, to Eliza L. Thayer, a niece;

5,000, or the value thereof, to an adopted daughter;

5,000, or the value thereof, to a niece;

500, or the value thereof, to a niece; and

500, or the value thereof, to another niece.

An estate of the value of $21,000, will therefore be required, on the death of the widow, to satisfy these provisions.

The undisposed residue or proceeds of the estate, are directed to be equally divided among such of the following named persons, as shall be living at the widow's death. These persons are Ira and John Merrill, brothers of the testator, and certain nephews and nieces, who are named; and they are now represented by the plaintiffs, who claim to be entitled to the surplus rents, by reason of certain conveyances by the residuary devisees, of the residuary estate, as set forth in the case agreed on. It will be seen that,

before the residuary devisees take anything, the estate must respond to the extent of $21,000, in land or money, to satisfy the claims of the prior beneficiaries. The value of the estate is not stated. These prior beneficiaries are entitled to intervene between the surplus fund and the residuaries, and they have not been heard, nor are they represented in this case. The plaintiff's grantors or assignors, if presumptively entitled to the next eventual estate, on the death of the widow, under the provisions of the statute,* are postponed until satisfaction of the claims of the persons, called by the testator his pecuniary legatees.

It does not appear that any estate will reach the residuary devisees; but it is possible that all the estate will be required to meet the prior devises or bequests.

The facts, so far as placed before the court, do not justify judgment for the plaintiff, and, subject to further proceedings, judgment is ordered for the defendants.

BARNARD, P. J., and TALCOTT, J., concurred.

Judgment ordered for the defendants.